**Sik to CHEUNG, Plaintiff–Appellant,**

v.

**UNION CENTRAL LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 04–1706.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2004.

Sik To Cheung, Brooklyn, NY, for Plaintiff–Appellant, pro se.

Steven P. Del Mauro, New York, NY, for Defendant–Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order be **AFFIRMED.**

Plaintiff-appellant Sik To Cheung appeals from an order granting a summary judgment dismissal of Cheung's claims and denying Cheung's cross-motion for summary judgment and sanctions. We assume the parties' familiarity with the un-

derlying facts, procedural history and specification of appellate issues and hold as follows.

We review a district court's grant or denial of summary judgment de novo. *Huminski v. Corsones*, 386 F.3d 116, 132 (2d Cir.2004). In making our determination we must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

This dispute arises from Union Central Life Insurance Company's ("Union Central's") cancellation of Cheung's policy based on Cheung's failure to make premium payments. Cheung argues that the cancellation was erroneous because the cash value of the policy was sufficient for the application of the policy's automatic loan provision to cover any premiums due. Cheung brought causes of action for breach of contract, conversion, negligence, breach of the duty of good faith and fair dealing, and breach of fiduciary duty against Union Central. The district court dismissed all of Cheung's claims.

On appeal, Cheung disputes the removal of the case from state to federal court. Cheung argues that his complaint did not contain the jurisdictional amount in controversy necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999). In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered "to a legal certainty," the case is dismissed for lack of subject matter jurisdiction. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90, 58 S.Ct. 586; *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.2003); *Wolde–Meskel*, 166 F.3d at 63. A portion of Cheung's complaint, Exhibit D, did allege losses of more than $75,000 and we do not find "to a legal certainty" that Cheung could not recover this amount.

Cheung also argues on appeal that summary judgment should have been granted in his favor because Union Central's noncompliance with New York Insurance Law § 4221(c)(1) rendered the cancellation of his policy improper. Upon review of the language of the statute and Union Central's application of the statute we find that Union Central complied with New York Insurance Law § 4221(c)(1).

With respect to Cheung's other claims on appeal, an independent review of the record and relevant case law reveals that Cheung's due process rights have not been violated and the district court properly granted summary judgment to Union Central and denied Cheung's motion for summary judgment and sanctions.

We therefore affirm the judgment of the district court.